■ JERRY DAMON, Appellant, v. MUTUAL OIL OF AMERICA, INC., Respondent.— Order, Supreme Court, New York County, entered July 14, 1972, *inter alia,* dismissing plaintiff's first cause of action, unanimously modified, on the law, and said cause reinstated. Except as so modified, said order is affirmed, without costs and without disbursements. Plaintiff's first cause of action pleads a breach of the written agreement between the parties pursuant to which defendant appointed plaintiff as its agent " in the solicitation of such [oil] drilling participations as may be tendered to him by [defendant]." For services successfully rendered, plaintiff was to receive an 8% commission, or, under specified conditions, a 1/32 working interest in all oil and gas produced. Plaintiff had a particular prospect in mind and furnished defendant with the names of this individual's business managers and counsel. The prospective investor declined to participate, but the managers concluded an arrangement with defendant, in the form of a limited partnership agreement, and invested over $400,000 in a Texas drilling operation. Plaintiff claims he earned his compensation. Defendant argues, and Special Term held, that plaintiff may not recover on his contract because the resulting transaction was much broader in scope than the mere sale of participations envisioned by the agreement. We fail to see how the accomplishment of more than was originally contemplated bars plaintiff from any relief. It would appear to us that if the transaction ultimately concluded, though not necessarily in contemplated form, resulted from the finder's disclosure, he would be entitled to some reward for his efforts. Any contention that the limited partners' contributions covered more than drilling participations would only affect the amount of plaintiff's possible recovery. Concur — Markewich, J. P., Murphy, Steuer and Capozzoli, JJ.